UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROSHAUN J. TERRY,                    ) | |
|                                                        ) | |
|     Petitioner/Defendant,  ) | |
|                                                        ) | |
| v.                                                  ) | Civil Case No. 4:21-cv-04109-SLD |
|                                                        ) | |
| UNITED STATES,                          ) | Criminal Case No. 4:17-cr-40080-SLD-1 |
|                                                        ) | |
|     Respondent/Plaintiff.    ) | |

ORDER

Before the Court is Petitioner Roshaun J. Terry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 122. For the following reasons, the § 2255 Motion is DENIED.

## BACKGROUND

On October 7, 2019, Petitioner received a sentence of thirty-eight months for wire fraud (Count I) and thirty-eight months for making a false, fictitious, or fraudulent claim (Count II), to be served concurrently. Oct. 7, 2019 Judgment 1–2, ECF No. 40. She was also sentenced to three years of supervised release on each count, to be served concurrently. *Id.* at 3. She was released and her term of supervised release commenced on September 18, 2020.

On November 12, 2020, the government filed a petition to revoke Petitioner's supervised release, and a warrant for her arrest was issued. Attorney Nathaniel A. Nieman was appointed to represent her with respect to the petition. Nov. 24, 2020 Text Order. On April 14, 2021, the Court revoked Petitioner's supervised release and sentenced her to twelve months on each count, to be served concurrently. Apr. 14, 2021 Judgment 1–2, ECF No. 120.

Petitioner filed the instant motion on June 4, 2021.

## DISCUSSION

### I.     Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

### II.    Analysis

In the § 2255 Motion, Petitioner asks the Court to correct her twelve-month sentence to a sentence of twelve months and two days. § 2255 Motion 3.[1] She argues that the United States Sentencing Guidelines require the Court to increase her sentence by two days to account for the two days she spent in official detention after "the domestic battery arrest that caused the revocation" because, pursuant to 18 U.S.C. § 3585(b), the Bureau of Prisons ("BOP") would then credit her for those two days. *Id.* at 4.

18 USC § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed; or as a result of any other charge for which the defendant was arrested after the commission of the offense for

---

[1] Because the § 2255 Motion is not consecutively paginated, the Court will use the numbers generated by CM/ECF as the page numbers.

which the sentence was imposed; that has not been credited against another sentence." Pursuant to § 7B1.3(e) of the United States Sentencing Guidelines, "[w]here the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment . . . by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding." Petitioner believes that these provisions compel the Court to now increase her sentence by two days. *See* § 2255 Motion 3–4.

Errors in applying "the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010). It is permissible, however, to raise a claim of ineffective assistance of counsel for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). And it is possible here to infer that Petitioner challenges her sentence on the ground of ineffective assistance of counsel, *see* § 2255 Motion 4 ("Error in sentencing *not objected to at sentencing*" (emphasis added)), rather than the not-cognizable ground of error in applying the Guidelines. Nonetheless, the Seventh Circuit has expressed "reluctan[ce] to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). Courts must therefore "insist on strict adherence to the requirements of an ineffective assistance of counsel claim in order to ensure that only Sentencing Guidelines errors of constitutional proportion are considered on collateral review." *Id*.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend. VI. Claims of ineffective assistance of counsel are generally

subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  This test requires a petitioner to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Id.* at 688, 692.  To demonstrate prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see id.* at 693 ("Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an *adverse effect* on the defense." (emphasis added)).

Although the Court is not convinced that any failure on Petitioner's counsel's part to object at sentencing to the Court's alleged failure to increase Petitioner's sentence by two days would fall below an objective standard of reasonableness, *see id.* at 688, the Court need not address this issue because it finds that Petitioner cannot show that she suffered prejudice as a result of the failure to object.  Petitioner is seeking to have the Court amend her sentence because the sentence imposed, she argues, was too short, § 2255 Motion 3–4, which would seem to be the opposite of prejudice.  The Court imagines that Petitioner might attempt to show prejudice by pointing to 18 U.S.C. § 3624(b)(1), which provides that "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." (footnote omitted).  Should Petitioner have been sentenced to twelve months and two days, then, she may have benefited from this provision and be looking at a release date of up to 54 days earlier than scheduled.

However, any such benefit would be entirely divorced from the proceedings before the Court—the award of good-time credits to federal prisoners is within the purview of the BOP.

4

*See United States v. Evans*, 1 F.3d 654, 654 (7th Cir. 1993) ("The federal good time statute, 18 U.S.C. § 3624, makes it clear that it is the [BOP], not the court, that determines whether a federal prisoner should receive good time credit."); *see also United States v. Cruz*, No. 1:05-cr-00101-SEB-TAB, 2020 WL 1915255, at *2 (S.D. Ind. Apr. 17, 2020) ("Although the First Step Act changed the amount of good time credit available, it did not give the courts the authority to award such credit. Thus, the First Step Act does not give [courts] the authority to grant [defendants] good time credits . . . ."). Petitioner thus cannot show that she was prejudiced in the case against her by any failure on the part of her counsel to object to the Court's imposition of a sentence of twelve months rather than twelve months and two days. Indeed, had her counsel objected—and had the Court then sentenced her to serve twelve months and two days—she would have left the courthouse with a *longer* sentence. Any potential reduction in sentence due to good time credits would be entirely in the hands of the BOP, not the Court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

Because Petitioner cannot show that she suffered prejudice as a result of her counsel's alleged failure to object at sentencing to the sentencing "error," the Court denies the § 2255 Motion.

### III. Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing. The Court, therefore, declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Petitioner Roshaun J. Terry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 122, is DENIED.  The Clerk is directed to enter judgment and to close the accompanying civil case, *Terry v. United States*, 4:21-cv-04109-SLD.

Entered this 16th day of September, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
